JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIBU TEXTILES INC., a New York corporation, | ) ) ) | CASE NO. CV 14-1018-R |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | ) ) | |
| H&M HENNES & MAURITZ LP, a New York limited partnership; and DOES 1 through 10, | ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendant H&M Hennes & Mauritz's ("H&M") Motion to Dismiss (Dkt. No. 51) which was filed on March 15, 2017. Having been fully briefed, this Court took the matter under submission on April 26, 2017.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of

what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.  The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678.  Courts will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id*.  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

This matter is before the Court after being remanded from the Ninth Circuit with instructions to allow Plaintiff to amend its complaint.  Previously, this Court granted a motion to dismiss the Complaint.  (Dkt. No. 17).  The Ninth Circuit held that the Complaint failed to state a claim for copyright infringement, but that the Plaintiff should be given the opportunity to amend.  Plaintiff was given the opportunity to amend and now H&M comes before the Court to dismiss First Amended Complaint ("FAC").  The FAC states one cause of action, copyright infringement.

To state a claim for copyright infringement, a Plaintiff must plead "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  A plaintiff may establish copying by direct evidence or circumstantial evidence "(1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012).  If a complaint fails to allege access, its copyright claim may be saved if it alleges a striking similarity between the two works.  See *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000).  Here, Plaintiff failed to plead access and striking similarity.  For the reasons discussed below, the Motion is granted.

"Proof of access requires an opportunity to view or to copy [the] plaintiff's work." *Id.* at 482 (internal quotation and citation omitted).  A plaintiff must demonstrate "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).  There are two ways to allege access: "(1) establishing a chain of events linking the plaintiff's work and the defendant's access or (2) showing that the plaintiff's work has been widely disseminated."

2

*Id.*

The FAC and complaint contain virtually identical allegations regarding access. The FAC alleges that Defendants had access to the Subject Work via Plaintiff's showroom, illegally distributed copies of the Subject Work by third parties, access to Plaintiff's samples, and access to garments legally in the marketplace containing the Subject Work. (FAC ¶ 21). These allegations are not materially different than those previously dismissed by this Court and upheld by the Ninth Circuit. Such conclusory allegations are nothing more than a speculative list of guesses as to how Defendants may have accessed the Subject Work. In fact, these are the same allegations rejected by the court in *Star Fabrics, Inc. v. Wet Seal, Inc.*, due to their lack of "any concrete facts specifically linking the [Defendant] to the protected design." 2014 WL 12591271, at *4 (C.D. Cal. Dec. 2, 2014). Similarly, Plaintiff fails to allege widespread dissemination in the FAC. There are no allegations relating to distribution in the FAC. Accordingly, Plaintiff's FAC fails to allege a plausible claim of access.

The test for substantial similarity entails an extrinsic and intrinsic test. On a motion to dismiss, however, courts only consider the extrinsic test. See *Funky Films*, *Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). "The extrinsic test is an objective comparison of specific expressive elements; it focuses on the articulable similarities between the two works." *L.A. Printex Indus., Inc.*, 676 F.3d at 848 (internal quotations and citation omitted). When applying the extrinsic test, courts must distinguish between protectable and non-protectable elements of the protected work and consider only whether the protectable elements are substantially or strikingly similar. *Id.*

Here, the protectable elements of the Subject Work include the arrangement, selection, coordination of the Bengal Clockvine flower featured in the lace design. However, the "floral pattern depicting bouquets and branches is not protectible [sic]" nor is the "combination of open flowers and closed buds in a single bouquet or the green color of stems and leaves." *Id.* at 850. The Subject Work contains both protectable and non-protectable elements. The majority of the similarity between the Subject Work and the allegedly infringing work come from non-protectable elements. For example, Plaintiff alleges that the five-petaled flower in both works contain the

1 same leaf elements with the same patterns and indentations in the petals.  The flower and its petals
2 are non-protectable because they are merely the natural appearance of a Bengal Clockvine flower.
3 The Bengal Clockvine flower contains five-petal leaf elements with indentations at the tips of each
4 petal in its natural form.  The non-protectable five-petal flowers make up the majority of the
5 similarities between the two works.  Plaintiff does point to additional similarities, but like the
6 Bengal Clockvine, most are non-protectable.  Furthermore, there are objective differences between
7 the two works.  For example, the two pictures examined in Paragraph 12 of the FAC reveal
8 marked differences.  The Subject Work contains thicker, more sloped boteh shapes to the left of
9 the image whereas the Defendant's design  contain thin, more vertical boteh shapes.  Additionally,
10 the lace netting is much tighter in the Subject Work than in the Defendant's design.  Accordingly,
11 the Court finds that the two works do not contain strikingly similar protectable elements.  As such,
12 the FAC has failed to allege copying.

   Because the FAC fails to plead access and striking similarity, it has not stated a legally cognizable claim for copyright infringement.  Accordingly, dismissal is appropriate under Rule 12(b)(6).

   **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 37) is GRANTED.

Dated: June 29, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4