Staci Jennifer Riordan, SBN 232659
sriordan@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel:  213-629-6000
Fax:  213-629-6001

Attorneys for Defendant
H&M HENNES & MAURITZ LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU TEXTILES, INC., a New York Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>H&M HENNES & MAURITZ LP, a New York limited partnership, individually, and DOES 1-10,<br><br>        Defendant. | Case No. 2:14-cv-01018-R-E<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

1.    INTRODUCTION

1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

4835-0475-7680.1

1  only to the limited information or items that are entitled to confidential treatment

2  under the applicable legal principles.  The parties further acknowledge, as set forth

3  in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

4  file confidential information under seal; Civil Local Rule 79-5 sets forth the

5  procedures that must be followed and the standards that will be applied when a

6  party seeks permission from the court to file material under seal.

7      1.2    GOOD CAUSE STATEMENT

8          This lawsuit involves, inter alia, a copyright claim wherein Plaintiff Malibu

9  Textiles, Inc. alleges that the defendants copied a fabric design and sold allegedly

10 infringing products (the "accused products") to the public.

11         The parties anticipate that discovery in this matter will seek confidential and

12 proprietary information, including, but not limited to, relative to the production and

13 sale of the accused products as follows:

14      ●    revenues generated from the sale of the accused products;

15      ●    cost of goods associated with the accused products;

16      ●    pricing points for the manufacture and sale of the accused products;

17      ●    transactional documents associated with the import and sale of the

18 accused products;

19      ●    licensing agreements;

20      ●    gross revenues associated with the sale of the accused products;

21      ●    profits margins associated with the sale of the accused products;

22      ●    general financial information for the parties;

23      ●    expenses for the manufacture, purchase and sale of goods;

24      ●    marketing channels;

25      ●    purchase price for the accused products; and

26      ●    markdown money and other discounting information.

27     The parties are all involved in the fashion industry.  This financial

28

- 2 -

STIPULATED PROTECTIVE ORDER

1    information is not intended for public disclosure.  The parties, in the past, have

2    routinely sought and agreed to prevent sensitive financial information from entering

3    into the public domain.  Further, public disclosure of sensitive financial information

4    will cause harm to the parties as competitors could use this information to gain an

5    advantage in the fashion industry.

6

7    2.    DEFINITIONS

8        2.1    Action: The pending federal lawsuit, entitled *Malibu Textiles, Inc. v.*

9    *H&M Hennes & Mauritz LP, et al.*, Case No.  2:14-cv-01018-R-E, which involves

10   claims of copyright infringement.

11       2.2    Challenging Party: a Party or Non-Party that challenges the

12   designation of information or items under this Order.

13       2.3    "CONFIDENTIAL" Information or Items: information (regardless of

14   how it is generated, stored or maintained) or tangible things that qualify for

15   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

16   the Good Cause Statement.

17       2.4    Counsel: Outside Counsel of Record and House Counsel (as well as

18   their support staff).

19       2.5    Designating Party: a Party or Non-Party that designates information or

20   items that it produces in disclosures or in responses to discovery as

21   "CONFIDENTIAL."

22       2.6    Disclosure of Discovery Material: all items or information, regardless

23   of the medium or manner in which it is generated, stored, or maintained (including,

24   among other things, testimony, transcripts, and tangible things), that are produced

25   or generated in disclosures or responses to discovery in this matter.

26       2.7    Expert: a person with specialized knowledge or experience in a matter

27   pertinent to the litigation who has been retained by a Party or its counsel to serve as

28

- 3 -

STIPULATED PROTECTIVE ORDER

1  an expert witness or as a consultant in this Action.

2      2.8   House Counsel:   attorneys who are employees of a party to this

3  Action.  House Counsel does not include Outside Counsel of Record or any other

4  outside counsel.

5      2.9   Non-Party:  any natural person, partnership, corporation, association,

6  or other legal entity not named as a Party to this action.

7      2.10  Outside Counsel of Record:   attorneys who are not employees of a

8  party to this Action but are retained to represent or advise a party to this Action and

9  have appeared in this Action on behalf of that party or are affiliated with a law firm

10  which has appeared on behalf of that party, and includes support staff.

11      2.11  Party: any party to this Action, including all of its officers, directors,

12  employees, consultants, retained experts, and Outside Counsel of Record (and their

13  support staffs).

14      2.12  Producing Party:  a Party or Non-Party that produces Disclosures or

15  Discovery Material in this Action.

16      2.13  Professional Vendors:   persons or entities that provide litigation

17  support services (e.g. photocopying, videotaping, translating, preparing exhibits or

18  demonstrations, and organizing, storing, or retrieving data in any form or medium)

19  and their employees and subcontractors.

20      2.14  Protected Material:any Disclosure or Discovery Material that is

21  designated as "CONFIDENTIAL."

22      2.15  Receiving Party:  a Party that receives Disclosures or Discovery

23  material from a Producing Party.

24

25  3.    SCOPE

26      The protections conferred by this Stipulation and Order cover not only

27  Protected Materials (as defined above), but also (1) any information copied or

28

-4-

1  extracted from Protected Material; (2) all copies, excerpts, summaries, or

2  compilations of Protected Material; and (3) any testimony, conversations, or

3  presentations by Parties or their Counsel that might reveal Protected Material.

4  Any use of Protected Material at trial shall be governed by the orders of the

5  trial judge. This Order does not govern the use of Protected Material at trial.

6

7  4.  **DURATION**

8  Even after final disposition of this litigation, the confidentiality obligations

9  imposed by this Order shall remain in effect until a Designating Party agrees

10  otherwise in writing or a court order otherwise directs. Final disposition shall be

11  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

12  with or without prejudice; and (2) final judgment herein after the completion and

13  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

14  including the time limits for filing any motions or applications for extension of time

15  pursuant to applicable law.

16

17  5.  **DESIGNATING PROTECTED MATERIAL**

18  5.1  **Exercise of Restraint and Care in Designating Material for Protection:**

19  Each Party or Non-Party that designates information or items for protection under

20  this Order must take care to limit any such designation to specific material that

21  qualifies under the appropriate standards. The Designating Party must designate for

22  protection only those parts of material, documents, items, or oral or written

23  communications that qualify so that other portions of the material, documents,

24  items, or communications for which protection is not warranted are not swept

25  unjustifiably within the ambit of this Order.

26  Mass, indiscriminate, or routinized designations are prohibited. Designations

27  that are shown to be clearly unjustified or that have been made for an improper

28

- 5 -

4835-0475-7680.1

1    purpose (e.g., to unnecessarily encumber the case development process or to

2    impose unnecessary expenses and burdens on other parties) may expose the

3    Designating Party to sanctions.

4        If it comes to a Designating Party's attention that information or items that it

5    designated for protection do not qualify for protection, that Designating Party must

6    promptly notify all other Parties that it is withdrawing the inapplicable designation.

7        5.2    Manner and Timing of Designations:  Except as otherwise provided in

8    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

9    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10   under this Order must be clearly so designated before the material is disclosed or

11   produced.

12       Designation in conformity with this Order requires:

13       (a)    for information in documentary form (e.g., paper or electronic

14   documents, but excluding transcripts of depositions or other pretrial or trial

15   proceedings), that the Producing Party affix at a minimum, the legend

16   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

17   contains protected material.  If only a portion or portions of the material on a page

18   qualifies for protection, the Producing party also must clearly identify the protected

19   portions(s) (e.g., by making appropriate markings in the margins).

20       A party or Non-Party that makes original documents available for inspection

21   need not designate them for protection until after the inspecting Party has indicated

22   which documents it would like copied and produced.  During the inspection and

23   before the designation, all of the material made available for inspection shall be

24   deemed "CONFIDENTIAL."  After the inspecting Party has identified the

25   documents it wants copied and produced, the Producing Party must determine

26   which documents, or portions thereof, qualify for protection under this Order.

27   Then, before producing the specified documents, the Producing Party must affix the

28

- 6 -

1    "CONFIDENTIAL legend" to each page that contains Protected Material. If only a
2    portion or portions of the material on a page qualifies for protection, the Producing
3    Party also must clearly identify the protected portion(s) (e.g., by making
4    appropriate markings in the margins).

5           (b)    for testimony given in depositions that the Designating Party identifies
6    the Disclosure of Discovery Material on record, before the close of the deposition
7    all protected testimony.

8           (c)    for information produced in some form other than documentary and
9    for any other tangible items, that the Producing Party affix in a prominent place on
10   the exterior of the container or containers in which the information is stored the
11   legend "CONFIDENTIAL." If only a portion or portions of the information
12   warrants protection, the Producing Party, to the extent practicable, shall identify the
13   protected portion(s).

14          5.3    Inadvertent Failures to Designate:     If timely corrected an
15   inadvertent failure to designate qualified information or items does not, standing
16   alone, waive the Designating Party's right to secure protection under this Order for
17   such material. Upon timely correction of a designation, the Receiving Party must
18   make reasonable efforts to assure that the material is treated in accordance with the
19   provisions of this Order.

20

21   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

22          6.1    Timing of Challenges:    Any Party or Non-Party may challenge a
23   designation of confidentiality at any time that is consistent with the Court's
24   Scheduling Order.

25          6.2    Meet and Confer:  The Challenging Party shall initiate the dispute
26   resolution process (and, if necessary, file a discovery motion under Local Rule 37.1
27   et seq.

28
                                        - 7 -

4835-0475-7680.1

1    6.3    The burden of persuasion in any such challenge proceeding shall be on

2  the Designating Party.  Frivolous challenges, and those made for an improper

3  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

4  parties) may expose the Challenging Party to sanctions.  Unless the Designating

5  Party has waived or withdrawn the confidentiality designation, all parties shall

6  continue to afford the material in question the level of protection to which it is

7  entitled under the Producing Party's designation until the Court rules on the

8  challenge.

9

10   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

11    7.1    Basic Principles:    A Receiving Party may use Protected Material that

12  is disclosed or produced by another Party or by a Non-Party in connection with this

13  Action only for prosecuting, defending, or attempting to settle this Action.  Such

14  Protected Material may be disclosed only to the categories or persons and under the

15  conditions described in this Order.  When the Action has been terminated, a

16  Receiving Party must comply with the provisions of section 13 below (FINAL

17  DISPOSITION).

18    Protected Material must be stored and maintained by a Receiving Party at a

19  location and in a secure manner that ensures that access is limited to the persons

20  authorized under this Order.

21    7.2    Disclosure of "CONFIDENTIAL" Information or Items:  Unless

22  otherwise ordered by the court or permitted in writing by the Designating Party, a

23  Receiving Party may disclose any information or items designated

24  "CONFIDENTIAL" only to:

25    (a)    the Receiving Party's Outside Counsel of Record in this Action,

26  as well as employees of said Outside Counsel of Record to whom it is reasonably

27  necessary to disclose the information for this Action;

28

- 8 -

4835-0475-7680.1

1        (b) the officers, directors, and employees (including House

2    Counsel) of the Receiving party to whom disclosure is reasonably necessary for this

3    Action;

4        (c) Experts (as defined in this Order) of the Receiving Party to

5    whom disclosure is reasonably necessary for this Action and who have signed the

6    "Acknowledgement and Agreement to Be Bound" (Exhibit A);

7        (d) the Court and its personnel;

8        (e) court reporters and their staff;

9        (f) professional jury or trial consultants, mock jurors, and

10   Professional Vendors to whom disclosure is reasonably necessary for this Action

11   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12   A):

13       (g) the author or recipient of a document containing the information

14   or a custodian or other person who otherwise possessed or knew the information;

15       (h) during their depositions, witnesses, and attorneys for witnesses,

16   in the Action to whom disclosure is reasonably necessary provided: (1) deposing

17   party requests that the witness sign the form attached as Exhibit A hereto; and (2)

18   they will not be permitted to keep any confidential information unless they sign the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

20   agreed by the Designating Party or ordered by the court. Pages of transcribed

21   deposition testimony or exhibits to depositions that reveal Protected Material may

22   be separately bound by the court reporter and may not be disclosed to anyone

23   except as permitted under this Stipulated Protective Order; and

24       (i) any mediator or settlement officer, and their supporting

25   personnel, mutually agreed upon by any of the parties engaged in settlement

26   discussions.

27   8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

28

- 9 -

STIPULATED PROTECTIVE ORDER

1    IN OTHER LITIGATION

2         If a Party is served with a subpoena or a court order issued in other litigation

3    that compels disclosure of any information or items designated in this Action as

4    "CONFIDENTIAL," that Party must:

5              (a)    promptly notify in writing the Designating Party.  Such

6    notification shall include a copy of the subpoena or court order;

7              (b)    promptly notify in writing the party who caused the subpoena or

8    order to issue in the other litigation that some or all of the material covered by the

9    subpoena or order is subject to this Protective Order.  Such notification shall

10   include a copy of this Stipulated Protective Order; and

11             (c)    cooperate with respect to all reasonable procedures sought to be

12   pursued by the Designating Party whose Protected Material may be affected.

13        If the Designating Party timely seeks a protective order, the Party served with

14   the subpoena or court order shall not produce any information designated in this

15   action as "CONFIDENTIAL" before a determination by the court from which the

16   subpoena or order issued, unless the Party has obtained the Designating Party's

17   permission.  The Designating Party shall bear the burden and expense of seeking

18   protection in that court of its confidential material and nothing in these provisions

19   should be construed as authorizing or encouraging a Receiving Party in this Action

20   to disobey a lawful directive from another court.

21

22   9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

23        PRODUCED IN THIS LITIGATION

24             (a)    The terms of this Order are applicable to information produced

25   by a Non-Party in this Action and designated as "CONFIDENTIAL." Such

26   information produced by Non-Parties in connection with this litigation is protected

27   by the remedies and relief provided by this Order.  Nothing in these provisions

28

- 10 -

STIPULATED PROTECTIVE ORDER

4835-0475-7680.1

1   should be construed as prohibiting a Non-Party from seeking additional protections.

2                 (b)    In the event that a Party is required, by a valid discovery

3   request, to produce a Non-Party's confidential information in its possession, and the

4   Party is subject to an agreement with the Non-Party not to produce the Non-Party's

5   confidential information, then the Party shall:

6                       (1)    promptly notify in writing the Requesting Party and Non-

7   Party that some or all of the information requested is subject to a confidentiality

8   agreement with a Non-Party;

9                       (2)    promptly provide the Non-Party with a copy of the

10   Stipulated Protective Order in this Action, the relevant discovery request(s), and a

11   reasonably specific description of the information requested; and

12                       (3)    make the information requested available for inspection

13   by the Non-Party, if requested.

14                 (c)    If the Non-Party fails to seek a protective order from this court

15   within 14 days of receiving the notice and accompanying information, the

16   Receiving Party may produce the Non-Party's confidential information responsive

17   to the discovery request.  If the Non-Party timely seeks a protective order, the

18   Receiving Party shall not produce any information in its possession or control that

19   is subject to the confidentiality agreement with the Non-Party before a

20   determination by the court.  Absent a court order to the contrary, the Non-Party

21   shall bear the burden and expense of seeking protection in this court of its Protected

22   Material.

23

24   10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26   Protected Material to any person or in any circumstances not authorized under this

27   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

28

- 11 -

4835-0475-7680.1

1    writing the Designating Party of the unauthorized disclosures, (b) use its best

2    efforts to retrieve all unauthorized copies of Protected Material, (c) inform the

3    person or persons to whom unauthorized disclosures were made of all the terms of

4    this Order, and (d) request such person or persons to execute the "Acknowledgment

5    and Agreement to Be Bound" that is attached hereto as Exhibit A.

6

7    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

8           PROTECTED MATERIAL

9           When a Producing Party gives notice to Receiving Parties that certain

10   inadvertently produced material is subject to a claim of privilege or other

11   protection, the obligations of the Receiving Parties are those set forth in Federal

12   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

13   whatever procedure may be established in an e-discovery order that provides for

14   production without prior privilege review.  Pursuant to Federal Rule of Evidence

15   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

16   of a communication or information covered by the attorney-client privilege or work

17   product protection, the parties may incorporate their agreement in the stipulated

18   protective order submitted to the court.

19

20   12.    MISCELLANEOUS

21          12.1   Waiver of Authenticity Challenges: Any party that marks one of its

22   documents as "CONFIDENTIAL" as set forth in this order waives any right to later

23   challenge the authenticity of the document so marked (though the right to challenge

24   admissibility is reserved).

25          12.2   Right to Further Relief:   Nothing in this Order abridges the right of

26   any person to seek its modification by the Court in the future.

27          12.3   Right to Assert Other Objections:    By stipulating to the entry of

28

- 12 -

STIPULATED PROTECTIVE ORDER

1  this Protective Order, no Party waives any right it otherwise would have to object to

2  disclosing or producing any information or item on any ground not addressed in

3  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

4  any ground to use in evidence of any of the material covered by this Protective

5  Order.

6      12.4   Filing Protected Material:      A party that seeks to file under seal

7  any Protected Material must comply with Civil Local Rule 79-5.  Protected

8  Material may only be filed under seal pursuant to a court order authorizing the

9  sealing of the specific Protected Material at issue.  If a Party's request to file

10  Protected Material under seal is denied by the court, then the Receiving Party may

11  file the information in the public record unless otherwise instructed by the court.

12

13  13.    FINAL DISPOSITION

14      After the final disposition of this Action, as defined in paragraph 4, within 60

15  days of a written request by the Designating Party, each Receiving Party must

16  return all Protected Material to the Producing Party or destroy such material.  As

17  used in this subdivision, "all Protected Material" includes all copies, abstracts,

18  compilations, summaries, and any other format reproducing or capturing any of the

19  Protected Material.  Whether the Protected Material is returned or destroyed, the

20  Receiving Party must submit a written certification to the Producing Party (and, if

21  not the same person or entity, to the Designating Party) by the 60 day deadline that

22  (1) identifies (by category, where appropriate) all the Protected Material that was

23  returned or destroyed and (2) affirms that the Receiving Party has not retained any

24  copies, abstracts, compilations, summaries or any other format reproducing or

25  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

26  are entitled to retain an archival copy of all pleadings, motion papers, trial,

27  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

28

- 13 -

4835-0475-7680.1

1   and trial exhibits, expert reports, attorney work product, and consultant and expert

2   work product, even if such material contains Protected Material.  Any such archival

3   copies that contain or constitute Protected Material remain subject to this Protective

4   Order as set forth in Section 4.

5

6   14.    Any willful violation of this Order may be punished by civil or criminal

7   contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

8   authorities, or other appropriate action at the discretion of the Court.

9

10  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11                                     Respectfully submitted,
    DATED: January 2, 2020             DONIGER/BURROUGHS
12

13

14                            By:        /s/ Trevor W. Barrett
                                       Stephen M. Doniger
15                                     Trevor W. Barrett
                                       Attorneys for Plaintiff MALIBU
16                                     TEXTILES, INC.
17

18  DATED: January 2, 2020             NIXON PEABODY LLP

19

20                            By:        /s/ Staci Jennifer Riordan
                                       Staci Jennifer Riordan
21                                     Attorneys for Defendant H&M HENNES
                                       & MAURITZ LP
22

23  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

24

25  DATED:  JAN. 2 , 2020

26                                     Hon. Charles F. Eick
                                       United States Magistrate Judge
27

28

                                   - 14 -

4835-0475-7680.1

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[**full name**], of _____

[**full address**], declare under penalty that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court

for the Central District of California on _____[**date**] in the case of

*Malibu Textiles, Inc. v. H&M Hennes & Mauritz LP, et al.*, Case No.  2:14-cv-

01018-R-E.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full**

**name**] of _____ [**full address and**

**telephone number**] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

- 15 -

4835-0475-7680.1